**Edwin THATE, Jr., Plaintiff,**

v.

**DISTRICT OF COLUMBIA ARMORY BOARD, Mayor Sharon Pratt Kelly, General Russell C. Davis, Langley Shook, James A. Dalrymple, and Robert E. Downey, Defendants.**

Civ. A. No. 92–0077.

United States District Court,
D. Columbia.

Sept. 15, 1992.

John Payton, Corp. Counsel, Martin L. Grossman, Deputy Corp. Counsel, Civ. Div., Metcalfe C. King, Asst. Corp. Counsel, Washington, D.C., for defendants.

George R. Grange, III, A. Wray Fitch, Gammon & Grange, McLean, Va., James J. Knicely, Knicely & Cotorceanu, P.C., Williamsburg, Va., Thomas Stephen Neuberger, Thomas S. Neuberger, P.A., Wilmington, Del., for plaintiff Thate.

CONSENT DECREE, FINAL
JUDGMENT AND
ORDER

JOYCE HENS GREEN, District Judge.

Upon stipulation and agreement of the plaintiff Edwin Thate, Jr., and his attorneys and the defendants and their attorneys, the Court's Consent Decree, Final Judgment and Order in this action shall be upon the following terms and conditions:

WHEREAS, Edwin Thate, Jr., has brought this action against the defendants for declaratory and injunctive relief and for monetary damages as a result of the alleged removal by the defendants and/or their agents of certain religious signs displayed at a National Football League game held at R.F.K. Stadium in Washington, D.C., on January 4, 1992; and

WHEREAS, the parties desire to settle all claims and disputes raised by Thate in this action;

IT IS ORDERED, DECLARED, ADJUDGED AND DECREED that:

1. This Consent Decree, Final Judgment and Order shall be binding upon the parties to this action, their officers, agents, employees, and successors.

2. R.F.K. Stadium is located in the District of Columbia, is owned by the District of Columbia and managed by the defendant D.C. Armory Board ("Armory Board").

3. The policy of the defendant Armory Board has been, and still is, to lease Armory Board facilities for various gatherings such as sporting events, including football games held by the Washington Redskins at R.F.K. Stadium, and in doing so, to permit the display of commercial and other signs, subject to certain restrictions on signs and banners during such events, as published in Volume 37, No. 25, *District of Columbia Register*, Chapter 29, §§ 2900 *et seq.*

4. On January 4, 1992, the Washington Redskins hosted a National Football League football game at R.F.K. Stadium and prior to and during the course of said game, there was a variety of signs and banners displayed at the Stadium.

5. On January 4, 1992, Thate attended the game at R.F.K. Stadium and placed a scripture sign with the reference "John 3:3" on the railing at the 20 yard line. The sign remained up through the first half of play, but Thate noticed that the sign was removed during half-time. The defendant Stadium Manager removed the said sign.

6. On January 10, 1992, this Court issued its memorandum opinion and order concerning the display of signs with religious content at R.F.K. Stadium, *Stewart v. D.C. Armory Board*, 789 F.Supp. 402 (D.C.Cir.1992).

7. At no time on January 4, 1992, was plaintiff Thate's sign obscene, vulgar, indecent, inflammatory, or in bad taste, nor did said sign pose a sight line problem or obstruct the vision of those on or off the playing field or provide free advertisement of commercial products or services.

8. As long as the current sign and banner policies of the defendant Armory Board (Volume 37, No. 25, *District of Columbia Register*, Chapter 29, §§ 2900 *et seq.*) are in

force and effect, defendants are hereby enjoined from taking any action, to prevent plaintiff Thate, and any other person, from displaying the type of sign and/or any banner referred to above, such as "John 3:16," or other similar religious messages or references, or otherwise obstruct the display of such signs and/or banners, provided the signs do not interfere with or obstruct any person's view of the event at R.F.K. Stadium or otherwise interfere with play, or stadium equipment.

9. The defendants shall use reasonable efforts at all R.F.K. Stadium events to protect persons displaying the type of sign and/or any banner referred to above, such as "John 3:16," or other similar religious messages or references, against removal of such signs or banners or interference with or obstruction of the display thereof by the defendants or their agents, employees, or successors and plaintiff Thate shall be entitled to the same police and public services in connection with events at R.F.K. Stadium as may be provided to other members of the public at large.

10. The defendant Armory Board reserves the right to change any of its policies regarding the display of signs at Armory Board facilities, including R.F.K. Stadium. The defendants, however, shall notify plaintiff Thate (in a writing delivered ninety (90) days in advance of any final approval of any proposed change(s) in any of said policies) through his attorney, James J. Knicely, by certified mail, return receipt requested, at P.O. Drawer GK, Williamsburg, Virginia 23187 (or at such other address as said attorney may from time to time provide to the General Counsel of the defendant Armory Board or, if the latter office is abolished, to the Corporation Counsel, D.C., in either case by certified mail, return receipt requested, at their then current office address). The effective date of any change in said policy shall be no less than thirty (30) days following the date of adoption thereof and the defendants shall notify plaintiff Thate in writing, through notice to plaintiff Thate's aforementioned attorney by certified mail, return receipt requested, within five (5) days of the adoption of any change in any of said policies.

11. The defendants shall notify plaintiff Thate in writing, through notice to his attorney, James J. Knicely, by certified mail, return receipt requested, at P.O. Drawer GK, Williamsburg, Virginia 23187 (or at such other address as said attorney may from time to time provide to the General Counsel of the defendant Armory Board or, if the latter office is abolished, to the Corporation Counsel, D.C., in either case by certified mail, return receipt requested, at their then current office address), within five (5) days of the proposed adoption of any sign and banner policy by the Washington Redskins and/or the National Football League affecting R.F.K. Stadium, and further shall notify plaintiff Thate in the same manner within five (5) days of the adoption of any change in any of said National Football League and/or Washington Redskins policies, if any change in such policy affects R.F.K. Stadium and is brought to the attention of the defendants.

12. The General Manager of the defendant Armory Board shall cause a certified copy of this Order, together with a copy of the First Amended Verified Complaint for Declaratory Relief, Damages and Injunctive Relief (Civil Rights) in this case and a copy of the Memorandum Opinion and Order of this Court issued on January 10, 1992, together with the cover letter attached hereto as Attachment "A" to be served by certified mail, return receipt requested, upon the following persons and entities and their attorneys, if known: Washington Redskins, c/o Mr. Jack Kent Cooke, President, Pro Football, Inc., P.O. Box 17247, Washington, D.C. 20041; and Chief Isaac Fulwood, Jr., Chief of Police, 300 Indiana Avenue, N.W., Washington, D.C. 20003. Defendants shall also cause a certified copy of this Order to be served by certified mail, return receipt requested, upon any private security firm currently or intermittently employed by any of the defendants to provide security services at R.F.K. Stadium events.

13. Plaintiff Thate, or his attorneys, shall cause a certified copy of this Order, together with a copy of the First Amended Verified Complaint for Declaratory Relief,

Damages and Injunctive Relief (Civil Rights) in this case and a copy of the Memorandum Opinion and Order of this Court issued on January 10, 1992, to be served by certified mail, return receipt requested, upon the following persons and entities and their attorneys, if known: CBS Sports, c/o Mr. Neil Pilson, President, 51 West 52nd Street, New York, New York 10019; ABC Sports, c/o Mr. Dennis Swanson, President, 47 West 66th Street, 13th Floor, New York, New York 10023; NBC Sports, c/o Mr. Richard Ebersole, 31 Rockefeller Plaza, New York, New York 10112; and National Football League, c/o Mr. Paul Tagliabue, Commissioner, National Football League, 410 Park Avenue, New York, New York 10022.

14. The defendant Armory Board represents that a nondiscrimination clause similar to the following clause is found in all leases of facilities at R.F.K. Stadium:

The Lessee and its employees shall not discriminate because of race, religion, color or national origin against any person by refusing to furnish such person any accommodation, facility, service or privilege offered to or enjoyed by the general public. Nor shall the Lessee or its employees publicize the accommodation, facilities, services or privileges in any manner which would directly or inferentially reflect upon or question the acceptability of the patronage of any person because of race, religion, color or national origin.

The defendant Armory Board hereby agrees to place such clauses and obligations in all future leases of the R.F.K. Stadium with the Redskins.

15. The defendant Armory Board hereby agrees to, and shall, adopt the sign and banner regulation set forth in Exhibit "B" attached hereto, effective on or before sixty (60) days after the date of entry of this Order. The General Manager of the defendant Armory Board has also agreed to deliver to the plaintiff Thate, upon approval of this Consent Decree, the letter set forth in Attachment "D" hereto.

16. Defendants shall pay damages to Plaintiff Thate in the amount of $3,500.00.

17. Defendants shall pay the reasonable fees and costs of plaintiff Thate's attorneys in the amount of $31,400.00, this being the reasonable cost of legal services provided to plaintiff Thate and co-plaintiff Steven D. Francis ("Francis") during the period of their joint representation by counsel and prior to co-plaintiff Francis' retention of new counsel. Said payment shall not be made until thirty (30) days after delivery by plaintiff Thate or his attorneys of notice of this Consent Decree, Final Judgment and Order to co-plaintiff Francis by personal service or by certified mail, return receipt requested. Unless co-plaintiff Francis files a written objection with the Court to the award of the attorneys fees and costs provided herein, this Consent Decree, Final Judgment and Order shall constitute final judgment as to the award of all costs for legal services provided to plaintiff Thate and co-plaintiff Francis during the period of their joint representation by counsel and prior to co-plaintiff Francis' retention of new counsel. If objection be filed with the Court by co-plaintiff Francis within such thirty (30) days, all matters as to such attorneys fees and costs, including the amount and payment of such costs, shall be submitted to the Court whose disposition as to such matters shall be final.

18. If at any time after the entry of this Consent Decree, Final Judgment and Order plaintiff Thate (a) is denied as hereinafter described the right to display signs and banners (1) pursuant to this Consent Decree, or (2) under any further changed Armory Board sign and banner regulations or policies, or (3) under the First Amendment of the United States Constitution, or (b) in the event any term of this Consent Decree, Final Judgment and Order is violated, the parties agree that plaintiff Thate may seek enforcement of this Consent Decree in this Court, and if the Court finds that defendants are not in substantial compliance with this Decree, the defendants agree to pay reasonable costs and attorneys fees incurred by plaintiff Thate in this enforcement action. This Decree shall remain in effect for a period of three (3) years from the date of execution. This provision shall

not be deemed or interpreted to prevent plaintiff Thate from seeking or obtaining such other equitable or compensatory relief from a court or agency of competent jurisdiction as may be necessary with respect to the foregoing or otherwise.

19. Except to the extent provided in this Consent Decree, Final Judgment and Order, the Complaint as to plaintiff Thate is dismissed with prejudice, with the exception that the Court retains such jurisdiction as is necessary to enforce the terms and conditions of this Consent Decree, Final Judgment and Order.

ATTACHMENT A

DISTRICT OF COLUMBIA
ARMORY BOARD

2001 EAST CAPITOL STREET

WASHINGTON, D.C. 20003–1794

(202) 547–9077

FAX (202) 547–7460

James A. Dalrymple
GENERAL MANAGER

Mr. John Kent Cooke

Executive Vice President

Washington Redskins

P.O. Box 17247

Washington, D.C. 20041

Dear John:

We wish to bring to your attention the terms of a Consent Degree, Final Judgment and Order of the United States Court of the District of Columbia. Under the terms of the Decree, the Board has agreed to adopt a new sign and banner regulation which would permit the display of signs and banners by patrons at athletic events held at Robert F. Kennedy Memorial Stadium, without regard to content, except for signs that: (1) are vulgar, indecent or obscene and inappropriate for viewing by children; (2) contain "fighting words"; (3) advertise a commercial product or service or obstruct paid commercial advertisements; (4) pose a safety hazard or sightline prob-

lem; or (5) exceed 4 feet by 10 feet in dimension.

As I'm sure you know, there have been problems with alleged interference with the display of religious signs and banners in the past at RFK. We wish to make clear to all interested parties that the policy of the Board is to accord all patrons the privilege of displaying on a first-come, first-serve basis signs with a religious content. The regulations will be enforced in accordance with the Court Orders.

Please find attached hereto a letter from the Office of the Corporation Counsel, D.C., which provides further guidance on this matter. Also enclosed are copies of opinions of the United States Court of Appeals for the District of Columbia and the January 10, 1992, Memorandum Opinion of the United States District Court entering a preliminary injunction with regard to the display of such signs. If you have further questions or require further clarification, you may direct your inquiry to Artis G. Hampshire–Cowan, General Counsel. She may be reached at (202) 547–9077, ext. 734.

Sincerely,

James A. Dalrymple
General Manager

Enclosures

EXHIBIT B

DISTRICT OF COLUMBIA
ARMORY BOARD

NOTICE OF FINAL RULEMAKING

The Armory Board of the District of Columbia, pursuant to the authority of D.C.Code section 2–301 et seq. gives notice of the adoption of the following rulemaking which amends the Amusements and Recreation (DCMR 19) and Chapter 2900, *D.C. Register*, June 22, 1990. This final rulemaking will be effective when published in the *D.C. Register*.

Chapter 29, *D.C. Register*, June 22, 1990, is hereby amended by restating the same as set forth below:

CHAPTER 29  D.C. ARMORY BOARD:
SIGNS AND BANNERS

## 2900  PURPOSE; ENFORCEMENT

2900.1  The D.C. Armory Board regulations stated in this Chapter shall establish the exclusive policies relating to the posting and display of signs and banners by patrons at events held in facilities owned and operated by the D.C. Armory Board.

2900.2  The General Manager of the Stadium/Armory Complex (STARPLEX) is vested with the authority to implement the policies stated herein.

2900.3  This Chapter shall apply to all paid admission events held after the effective date of this Chapter.

2900.4  If any provision of this Chapter is deemed invalid, void or unenforceable by a court of competent jurisdiction, this Chapter shall be construed as though such provision does not appear herein. Any such finding by a court of competent jurisdiction shall not affect the validity of any other section, paragraph or sentence of this Chapter.

2900.5  The proscriptions on the display of signs and/or banners contained in this Chapter shall be construed in light of standards set forth in applicable court precedents.

## 2901  DISPLAY OF SIGNS AND BANNERS

2901.1  Signs and banners are permitted to be posted and/or displayed on a first-come, first-served basis by patrons at events held in facilities owned and operated by the D.C. Armory Board, unless they:

(a) are vulgar, indecent or obscene and inappropriate for viewing by children; or

(b) contain "fighting words" likely to provoke a breach of the peace; or

(c) advertise a commercial product or service or otherwise obstruct or interfere with the display of any paid commercial advertisement; or

(d) pose a safety hazard or obstruct or interfere with the vision of those participating in or viewing the event or cover existing signage; or

(e) are greater than 4' by 10' in dimension.

## 2902  EXCLUSIONS

2902.1  This Chapter shall not apply to paid commercial advertisements or signs or banners containing governmental directives displayed in accordance with such other policies, procedures and agreements as shall be adopted or approved by the D.C. Armory Board.

ATTACHMENT D

DISTRICT OF COLUMBIA
ARMORY BOARD

2001 EAST CAPITOL STREET

WASHINGTON, D.C. 20003–1794

(202) 547–9077

FAX (202) 547–7460

James A. Dalrymple
GENERAL MANAGER

Mr. Edwin Thate, Jr.

3107 Orchard Avenue

Baltimore, Maryland 21234

Dear Mr. Thate:

In my capacity as General Manager of the District of Columbia Armory Board (Board), I am informed that you wish to display certain religious signs and/or banners such as "John 3:16" and "Jesus Saves" at events held at Board facilities, such as National Football League games at Robert F. Kennedy Memorial Stadium (RFK), in the same manner permitted to other patrons. To this end, I am pleased to inform you that the Board has reviewed its policy governing signs and banners (Chapter 2900, *D.C. Register*) and amended the policy to permit the display of signs and banners without regard to content, except for signs that: (1) are vulgar, indecent and obscene and inappropriate for viewing by children, (2) contain "fighting words", (3) advertise a commercial product or service or obstruct paid commercial advertisements, (4) pose a safety hazard or sightline

**378**

problem, or (5) exceed 4 feet × 10 feet (4′ × 10′) in dimension.

Under current Board policy we will not disallow the display of signs and banners provided it complies with regulations as summarized above. The stadium manager and I are the only persons authorized to direct the removal of signs and banners determined to be inconsistent with the Board's policy. All patrons will be accorded equal access to display signs and banners on a first-come, first-served basis consistent with the Board's regulations.

I have enclosed a letter from the Office of the Corporation Counsel, D.C., which provides further guidance on this matter.

Sincerely,

James A. Dalrymple
General Manager

Enclosure